UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOBEAY SWAFFORD, as an individual,<br><br>        Plaintiff(s),<br><br>vs.<br><br>RENTGROW, INC.; and DOES 1-10 inclusive,<br><br>        Defendant(s). | Case No.: 1:24-cv-10509<br><br>JOINT PROPOSED STATEMENT |

JOINT PROPOSED STATEMENT

Pursuant to the Notice of Scheduling Conference, dated April 15, 2024, (ECF 12) Plaintiff Kobeay Swafford ("Plaintiff"), and Defendant RentGrow, Inc. ("Defendant"), submit the following proposed pretrial schedule setting forth a discovery plan and proposed schedule for filing motions. The Parties do not object to the Court setting a schedule on this written submission.

    **I.    STATEMENTS REGARDING LIABILITY AND RELIEF SOUGHT**

    **A.  Plaintiff Swafford**

Congress (through the Fair Credit Reporting Act ("FCRA") under 15 U.S.C. section 1681 et seq.) enacted comprehensive legislation regulating the procurement and issuance of background check reports stating that "there is need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's

right to privacy." 15 U.S.C. section 1681(a). For purposes of the FCRA, Defendant is a "consumer reporting agency" as defined under 15 U.S.C section 1681a(f) because it is a "person which, for monetary fees, dues … regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purposes of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing *consumer reports*." (Emphasis added). On or about August 2023, Plaintiff submitted an application for a Section 8 housing voucher through the HCV (Housing Choice Voucher) program with the Housing Authority of The City of Evansville (hereafter as "the City"). Defendant furnished a consumer report on Plaintiff on or about August 21, 2023 subject to the Fair Credit Reporting Act. Defendant disclosed outdated and incorrect criminal history on Plaintiff, by reporting multiple charges that were previously granted a Dismissal. The report appears to show that Plaintiff is currently serving out a life sentence for the stated crimes which is an impossibility as he is currently applying for public housing with the City. On August 21, 2023 Plaintiff received a letter from The Housing Authority of The City of Evansville denying his application due to the criminal history stated on the report. Plaintiff filed a dispute with Defendant on August 21, 2023. In addition, Defendant failed to provide Plaintiff's "full file" upon request in accordance with 15 U.S.C section 1681g. Accordingly, Plaintiff filed this lawsuit.

B. **Defendant RentGrow**

RentGrow is a "reseller," as defined in Section 1681a(u) of the FCRA, and complied with all of its Fair Credit Reporting Act ("FCRA") obligations at all times relevant to Plaintiff's claim.  As a reseller, RentGrow receives requests for tenant screening information from its

landlord and property management clients for the permissible purpose of the client evaluating rental applicants according to their criteria. RentGrow requests and receives information from its third-party vendors and consumer reporting agencies, which RentGrow then accurately assembles and merges into a tenant screening report to transmit to its client.

In connection with Plaintiff's application for an apartment rental, the Housing Authority of the City of Evansville ("Housing Authority") requested tenant screening information about Plaintiff from RentGrow. RentGrow reasonably relied on its third-party vendors and consumer reporting agencies, from which it received screening information about Plaintiff, filtered, merged, and assembled the screening information, and transmitted the screening information to the Housing Authority. There was no facial inconsistency that could have placed RentGrow on notice that anything in the reported information was inaccurate. In fact, prior to sending the screening information to the Housing Authority, RentGrow reviewed the Wayne County, Michigan Clerk's website to confirm that the Plaintiff's criminal history, including the homicide charge, were accurate (which they were) and then also called the Wayne County Clerk's Office, who also verified that the criminal information about Plaintiff was accurate. RentGrow's procedures in verifying that the accuracy of the tenant screening information about the Plaintiff were reasonable and went above and beyond in complying with Section 1681e(b). Moreover, when Plaintiff disputed the information in his screening report, RentGrow then properly and timely fulfilled its dispute obligations by forwarding the dispute to its vendor from which the screening information was purchased, updating the report as soon as it received the results, and notifying Landings at the conclusion of the dispute process. RentGrow even went above and beyond its statutory requirements by completing its own internal investigation, which, included calling the court clerk (for a second time) to verify that the court's records showed that the

criminal history was accurate and had not been dismissed. Therefore, Plaintiff cannot prove any statutory violation, and has not suffered any damages that could be recovered in this litigation.

## II. SETTLEMENT PROPOSALS

The Parties have engaged in confidential settlement discussions, which have included exchanges of proposals. Settlement efforts are ongoing.

## III. PROPOSED DISCOVERY AND PRETRIAL SCHEDULE

Plaintiff and Defendant agree to conform to the discovery limitations set forth in Fed. R. Civ. P. 26(b). Each party reserves the right to agree to additional discovery or to seek permission from the Court to pursue additional discovery, if necessary. In addition, Plaintiff and Defendant agree to the following pretrial schedule:

A. Initial Disclosures: The Parties will exchange initial disclosures by June 1, 2024

B. Amendment to Pleadings: Except for good cause shown, no motions seeking leave to add new parties or amend the pleadings to assert new claims or defenses may be filed after June 1, 2024

C. Fact Discovery – Interim Deadlines:

   a. Initial Written discovery must be served by August 1, 2024

   b. All depositions, other than expert depositions, must be completed by January 1, 2025

D. Final Fact Discovery Deadline: All discovery, other than expert discovery, must be completed by March 3, 2025

E. Status Conference: As set by the Court.

F. Expert Discovery

   a. Trial experts for the party with the burden of proof must be designated, and the

      information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by April 1, 2025

   b.  Rebuttal trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by May 1, 2025

   c.  All trial experts must be deposed by June 10, 2025.

G. Dispositive Motions: Dispositive Motions must be filed by August 20, 2025. Oppositions to dispositive motions must be filed, unless the Court orders otherwise, within 21 days after the motion is served. The moving party may file a reply within 14 days after the Opposition is served.

H. Trial: The parties request that the Court suspend any trial date pending the resolution of dispositive motions, if filed by either party.

   IV.  **TRIAL BY MAGISTRATE JUDGE**: The parties do not consent to a trial by a magistrate judge.

   V.  **ALTERNATIVE DISPUTE RESOLUTION PROGRAMS:** Plaintiff and Defendant shall pursue settlement informally and, if unable to resolve the case through informal means, shall confer regarding the possibility of alternate dispute resolution.

   VI.  **RULE 16 CONFERENCE RECOMMENDATION**: In light of the Parties' agreement on the proposed pretrial schedule described herein, the Parties jointly recommend that the Court enter a scheduling order with the deadlines proposed herein.

   VII.  **CERTIFICATIONS:** Pursuant to Local Rule 16.1(d)(3), the undersigned counsel certifies that they have conferred with their clients to establish a budget for the

costs of conducting the full course and various alternative courses, and to.

Consider the resolution of the litigation through the use of alternative dispute resolution programs.

Respectfully Submitted,

*/s/ Devin H. Fok*
Devin H. Fok (*Admitted Pro Hac Vice*)
DHF LAW, P.C.
2304 Huntington Drive, Suite 210
T: 888-651-6411
E: devin@devinfoklaw.com

*Counsel for Plaintiff Kobeay Swafford*

Date: May 2, 2024


*/s/ Matthew J. Zamaloff*
Matthew J. Zamaloff
Cetrulo LLP
Two Seaport Lane
10th Floor
Boston, MA 02210
T: 617-217-5200
E: mzamaloff@cetllp.com

*Counsel for Defendant Rentgrow, Inc.*

Dated: May 2, 2024

## **CERTIFICATE OF SERVICE**

I, Devin Fok, hereby certify that on May 2, 2024 a true and correct copy of the foregoing was served via ECF filing, upon counsel of record.

                                           */s/ Devin Fok*
                                           Devin Fok