# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOBEAY SWAFFORD,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>RENTGROW, INC.,<br><br>　　　　　　Defendant. | Civil Action No. 1:24-cv-10509-PBS<br><br>**DECLARATION OF LISA LEGERE** |

I, Lisa Legere, hereby declare as follows:

　　1.　　I am the Director of Operations at RentGrow, Inc. ("RentGrow").

　　2.　　I have worked for RentGrow since 2008. By virtue of my position, I am familiar with RentGrow's practices, policies, and procedures, including as applied to the August 21, 2023, and March 9, 2024, tenant screening information that was provided by RentGrow regarding Plaintiff, Kobeay Swafford.

　　3.　　This declaration is based on my personal knowledge and review of records created and maintained in the ordinary course of RentGrow's business. If called to testify as to the truth of any matters set forth herein, I could and would competently do so.

　　4.　　RentGrow offers tenant screening services to assist housing providers in evaluating prospective tenants. Clients can request reportable information about a tenant applicant's criminal history, civil judgment history, and credit profile.

　　5.　　Among other screening products, RentGrow offers a "National Criminal" search, which provides criminal history tenant screening information pertaining to an applicant by compiling criminal records sourced from numerous government agencies nationwide.

6. RentGrow does not maintain a database of public records. Instead, RentGrow obtains information about an identified applicant from various public record research companies, which RentGrow often refers to as "vendors." One of those vendors of criminal public records is Cleara, LLC ("Cleara"). Before accepting data from Cleara, RentGrow requested and received data about Cleara's operations through a vetting process, and RentGrow also required Cleara agree to the terms of a written contract, a copy of which attached as **Exhibit G** to the Affidavit of Timothy St. George filed concurrently with RentGrow's Motion for Summary Judgment.

7. As part of its procedures in assembling and merging the screening information RentGrow receives from its vendors, RentGrow maintains numerous internal procedures to assure the reportability of the data that it resells, including to assure that the data is reported accurately. Additionally, RentGrow maintains robust processes to assist tenant applicants who initiate disputes regarding the completeness or accuracy of the data RentGrow previously identified about them.

8. As part of its processes, RentGrow continuously monitors the volume of disputes that it receives from consumers challenging the completeness or accuracy of the information identified about them by RentGrow as part of the tenant screening process. During 2023 and 2024, only 0.03% of criminal records screenings performed by RentGrow resulted in a criminal record dispute. That 0.03% figure includes all criminal disputes submitted for any reason, regardless of how the dispute was resolved.

9. On August 21, 2023, RentGrow's customer, the Evansville Housing Authority ("Evansville"), requested tenant screening information, including a Premium National Criminal Records search, from RentGrow regarding Plaintiff, Kobeay Swafford.

10. Evansville had also provided to RentGrow its self-selected tenant screening criteria. In August 2023, Evansville's screening criteria had been set to preliminarily deny any applicant

who was convicted of a single charge of murder, attempted murder, or a felony firearm offense. RentGrow, however, does not make rental decisions and does not set eligibility criteria for any property. Instead, all eligibility criteria are set, and all final rental decisions are made, by RentGrow's customers.

11. In response to Evansville's screening request, RentGrow obtained Plaintiff's criminal record information from Cleara, which identified Plaintiff's 2007 jury convictions across nine separate charges that Cleara identified had been sourced from the Michigan Department of Corrections, as well as additional records of Plaintiff's 2007 conviction that Cleara identified as being sourced from the Wayne County Circuit Court. The records reported by Cleara in no way indicated that the convictions had been dismissed on appeal. The record of that information transmitted by Cleara has been maintained by RentGrow in the regular course of RentGrow's business. A true and correct copy of that record is attached as **Exhibit K** to the Affidavit of Timothy St. George filed concurrently with RentGrow's Motion for Summary Judgment.

12. Because Cleara had identified records from the Michigan Department of Corrections that identified Plaintiff was subject to "DOC Supervision" in connection with his 2007 convictions, RentGrow's policies required that its own analysts independently research and review the records of the Michigan Department of Corrections and the identified Michigan state trial court to confirm that the disposition of the offenses identified by Cleara remained accurate as of the date of receipt.

13. RentGrow then provided the tenant screening information regarding Plaintiff to Evansville on August 21, 2023. A true and correct copy of that tenant screening information, which was created and maintained in the regular course of RentGrow's business, is attached as

3

**Exhibit O** to the Affidavit of Timothy St. George filed concurrently with RentGrow's Motion for Summary Judgment.

14. Plaintiff submitted a dispute to RentGrow on August 28, 2023, claiming that the criminal charges against him had been "dismissed" on appeal and submitting certain documentation. A true and correct copy of that dispute documentation, which was created and maintained in the regular course of RentGrow's business, is attached as **Exhibit N** to the Affidavit of Timothy St. George filed concurrently with RentGrow's Motion for Summary Judgment.

15. On September 3, 2023, RentGrow forwarded Plaintiff's dispute and all the documentation submitted by Plaintiff to Cleara so that Cleara could conduct a reinvestigation.

16. RentGrow also independently reinvestigated Plaintiff's dispute. During its own reinvestigation, RentGrow's business records reflect that it assigned analyst took two independent steps to confirm the status of the reported records: (1) checking the online docket of the Wayne County Circuit Court to confirm that the convictions were still listed and did not reflect any subsequent dismissal; and (2) calling the Wayne County clerk of court to confirm that the case had not been dismissed, which the Wayne County clerk independently confirmed. A true and correct copy of that reinvestigation documentation, which was created and maintained in the regular course of RentGrow's business, is attached as **Exhibit P** to the Affidavit of Timothy St. George filed concurrently with RentGrow's Motion for Summary Judgment. Those steps were consistent with RentGrow's policies and procedures for reinvestigating consumer disputes.

17. After completing its reinvestigation, and per its corporate policy, RentGrow waited for Cleara to complete its reinvestigation results to ensure the reinvestigation results were aligned across the two companies. After Cleara responded to RentGrow that Cleara also had located no

4

record of any post-conviction dismissal and had instead reconfirmed that Plaintiff had been found guilty by a jury, RentGrow communicated those reinvestigation results to Plaintiff.

18.     On March 9, 2024, RentGrow's customer, Mallard's Landing Apartment Homes ("Mallard's Landing") requested tenant screening information, including a Premium National Criminal Records search, from RentGrow regarding Plaintiff, Kobeay Swafford.

19.     In response to Mallard's Landing's screening request, RentGrow then obtained Plaintiff's criminal record information from Cleara, which again identified Plaintiff's 2007 jury convictions, and with Cleara again identifying that those records had been sourced from the Wayne County Circuit Court. Cleara's records again in no way indicated that the convictions had been dismissed on appeal. The record of that information transmitted by Cleara has been maintained by RentGrow in the regular course of RentGrow's business. A true and correct copy of that record is attached as **Exhibit R** to the Affidavit of Timothy St. George filed concurrently with RentGrow's Motion for Summary Judgment.

20.     RentGrow then provided the tenant screening information regarding Plaintiff to Mallard's Landing on March 9, 2024. A true and correct copy of that tenant screening information, which was created and maintained in the regular course of RentGrow's business, is attached as **Exhibit S** to the Affidavit of Timothy St. George filed concurrently with RentGrow's Motion for Summary Judgment.

21.     Plaintiff requested a copy of his Mallard's Landing screening report on April 30, 2024, which RentGrow provided the same day. A true and correct copy of that correspondence, which was created and maintained in the regular course of RentGrow's business, is attached as **Exhibit T** to the Affidavit of Timothy St. George filed concurrently with RentGrow's Motion for Summary Judgment.

22. Plaintiff never submitted any dispute with respect to his Mallard's Landing screening, nor did he ever contact RentGrow after his application to Mallard's Landing at any other time before filing this lawsuit.

23. Before this lawsuit was filed in 2024, I am unaware of any consumer or customer who raised any issue where Michigan criminal convictions were reported to RentGrow, but where the conviction(s) had previously been dismissed on appeal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___9/19/2025___, 2025

DocuSigned by:
*lisa legere*
8BE08091084144A

Lisa Legere