# EXHIBIT I

**Michigan Supreme Court**
Lansing, Michigan

# Opinion

Chief Justice:
Marilyn Kelly

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway

FILED MARCH 18, 2009

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v       No. 136751

KOBEAY QURAN SWAFFORD,

    Defendant-Appellant.

BEFORE THE ENTIRE BENCH

MARKMAN, J.

    We granted leave to appeal in this case to consider whether the Interstate Agreement on Detainers (IAD), MCL 780.601, requires that a detainer be lodged at the institution where the defendant is incarcerated, and, if so, whether there was sufficient evidence in this case that the detainer was properly lodged. The trial court granted defendant's motion to dismiss the charges with prejudice as a result of the prosecutor's failure to bring defendant to trial within 180 days of receiving defendant's request for a final disposition, in violation of Article III(a) of the IAD. The Court of Appeals reversed, holding that the IAD is not applicable because the prosecutor lodged the detainer against the defendant with the United States

1

SWAFFORD 0021

Marshals rather than the federal prison in which defendant was incarcerated. However, there is no language in the IAD that indicates that it is only applicable when the detainer was originally lodged with the institution in which the defendant is incarcerated, and in this case it is undisputed that the institution in which defendant was incarcerated received the detainer. The clear language of the IAD states that if a "detainer has been lodged against the prisoner," and the prosecutor fails to bring a defendant to trial within 180 days of receiving the defendant's request for a final disposition made while the defendant is serving a term of imprisonment, the court "*shall* enter an order dismissing the [complaint] with prejudice," MCL 780.601 (emphasis added). That is precisely what happened in this case. Therefore, we have no choice but to reverse the Court of Appeals and reinstate the trial court's order dismissing the charges with prejudice. However harsh and inflexible a remedy for failure to comply with the IAD this may be adjudged, it is plainly what our Legislature requires.

## I. FACTS AND PROCEDURAL HISTORY

Defendant was charged in Michigan with first-degree murder, assault with intent to commit murder, and possession of a firearm during the commission of a felony. He was subsequently arrested on an unrelated federal bank robbery charge in Tennessee. On June 1, 2004, the Wayne County Prosecutor's Office (hereinafter referred to as "the prosecutor") sent a written detainer against defendant to the U.S. Marshals in Tennessee. Defendant pleaded guilty to the federal charges and was sentenced to federal prison on November 19, 2004. On

2

March 2, 2005, the federal prison authorities where defendant was imprisoned (hereinafter referred to as "the Bureau of Prisons") verified the detainer that was lodged against defendant with the prosecutor.[1] The Bureau of Prisons provided the prosecutor and the court clerk with notice of defendant's request for disposition of the Michigan charges.[2] This notice was received by the prosecutor and the court clerk on March 7, 2005.[3] On June 15, 2005, the prosecutor signed an

---

[1] In a correspondence with defendant, a prison official stated, "I verified the request to lodge a detainer . . . ." Stamped on a copy of the letter that accompanied the detainer is a notation dated March 2, 2005, indicating that the detainer was verified with a paralegal in the Wayne County Prosecutor's extradition unit.

[2] This notice states:

> The above named defendant is requesting disposition on the outstanding charges you have filed against him as a detainer . . . . An inmate requesting disposition of detainers in accordance with Article III of the Interstate Agreement on Detainers Act must be brought to trial within 180 days of your receipt of this request.

At the same time, the Bureau of Prisons also submitted a document to the prosecutor that provides, "A detainer has been filed against this subject in your favor for: 1st Degree Murder, we will again notify you approximately 60 days prior to actual release." On June 4, 2005, the Bureau of Prisons sent a letter to the prosecutor that provides:

> The above named inmate has requested disposition on outstanding charges which were filed against him as a detainer . . . . As you know, once an inmate requests disposition under the IAD they must be brought to trial within 180 days of your receipt of the request. Ninety of the allotted 180 days elapsed effective June 25, 2005.

[3] *Fex v Michigan,* 507 US 43, 52; 113 S Ct 1085; 122 L Ed 2d 406 (1993), provides that the IAD's 180-day time limit begins running when the prosecutor receives the defendant's request for trial.

3

SWAFFORD 0023

"Agreement on Detainers" that states, "I propose to bring this person to trial on the indictment, information or complaint named in the offer within the time specified in Article III(a) of the Agreement on Detainers."[4]  However, defendant was not arraigned in Michigan until October 6, 2005, which everybody agrees was more than 180 days after the prosecutor received defendant's request for a final disposition.

Defendant then filed a motion to dismiss the charges on the ground that the prosecutor had failed to bring him to trial within 180 days of receiving defendant's request for a final disposition in violation of Article III(a) of the IAD, MCL 780.601.  The trial court granted this motion and dismissed the charges with

---

[4] At the top of this form, it states, "This form should only be used when an offer of temporary custody has been received as the result of a *prisoner's* request for disposition of a detainer."  This form also indicates that it was "[i]n response to [the Bureau of Prisons'] letter of March 2, 2005."  On September 16, 2005, when the prosecutor failed to bring defendant to trial within 180 days, the Bureau of Prisons sent the prosecutor a letter stating:

> The above named inmate requested disposition of the outstanding charges that you have filed against him as a detainer on 03-02-2005.  Under Article III of the Interstate Agreement on Detainers, an inmate must be brought to trial within 180 days after he requests disposition and the forms are received by the appropriate officials.  Our records indicate the forms required under the provisions of the IAD were received and signed for by your office on 03-07-2005. . . .  Since 180 days have elapsed since you received this request for disposition, we have advised, by copy of this letter to the inmate, that he may petition the appropriate court for dismissal of the outstanding charges.

Finally, the Bureau of Prisons' "Release Authorization" indicates a "Release Date" of "10-05-05"; under the word "Method" appear the initials "IAD"; and after "Detainer," the "Yes" box is checked.

4

prejudice. The prosecutor appealed, and the Court of Appeals reversed, holding that the IAD does not apply because defendant was not serving a term of imprisonment when the detainer was lodged against him. *People v Swafford*, unpublished opinion per curiam of the Court of Appeals, issued March 27, 2007 (Docket No. 268499) (*Swafford I*).

Defendant filed a timely application for leave to appeal in this Court. We vacated the Court of Appeals judgment and remanded the case to that court for reconsideration in light of the documentation that defendant had attached to his application for leave to appeal in this Court. *People v Swafford,* 480 Mich 881 (2007).[5]

---

[5] In a concurring statement, Justice Corrigan raised specific questions for the Court of Appeals to address. Specifically, she asked:

> (1) Was the panel correct that *People v Monasterski*, 105 Mich App 645 (1981), and *People v Wilden (On Rehearing)*, 197 Mich App 533 (1992), hold that "a detainer filed against a jail inmate before he begins serving a prison sentence is insufficient to implicate the IAD," and, if so, (2) are the holdings in *Monasterski* and *Wilden* consistent with the language of article III of the IAD?

After the Court of Appeals rendered its first decision, but before this Court vacated that decision, defendant was brought to trial, convicted as charged, and sentenced to life in prison. Defendant should not have been brought to trial at that time. The Court of Appeals decision reversing the trial court's dismissal of charges and remanding the case for trial had not taken effect, because defendant had filed a timely appeal to this Court. MCR 7.215(F)(1)(a). Moreover, during the pendency of a timely appeal to this Court, a Court of Appeals decision remanding to a lower court for further proceedings is automatically stayed, unless the Court of Appeals or this Court orders otherwise. MCR 7.302(C)(5). Neither this Court nor the Court of Appeals ordered further proceedings to begin notwithstanding

5

On remand, the Court of Appeals, in a split decision, again reversed the trial court's dismissal of the charges, holding that the IAD did not apply because the prosecutor had not delivered the detainer to the institution in which defendant was serving his sentence, i.e., the Bureau of Prisons. *People v Swafford (On Remand)*, unpublished opinion per curiam of the Court of Appeals, issued March 18, 2008 (Docket No. 268499) (*Swafford II*). However, the dissenting judge concluded that

> the correspondence sent by the prosecutor's office to the United States Marshall on June 1, 2004 . . . became a valid detainer for purposes of the IAD no later than March 2, 2005, when it accompanied defendant to federal prison, was verified, and the prosecutor was notified that defendant was requesting disposition on the outstanding charges filed against him. [*Id.* at 1 (Zahra, J., dissenting).]

Defendant again filed an application for leave to appeal in this Court, and this time, we granted defendant's application for leave to appeal. *People v Swafford*, 482 Mich 1015 (2008).

## II. STANDARD OF REVIEW

This case involves the interpretation of the Interstate Agreement on Detainers Act, MCL 780.601. Questions of statutory interpretation are questions of law that this Court reviews de novo. *People v Osantowski,* 481 Mich 103, 107; 748 NW2d 799 (2008).

---

defendant's timely appeal. Accordingly, the trial court did not have proper jurisdiction to bring defendant to trial or convict defendant.

6

III. ANALYSIS

"Forty-eight States, [including Michigan,] the Federal Government, and the District of Columbia . . . have entered into the Interstate Agreement on Detainers . . . ." *Alabama v Bozeman,* 533 US 146, 148; 121 S Ct 2079; 150 L Ed 2d 188 (2001). The IAD "creates uniform procedures for lodging and executing a detainer, *i.e.*, a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different crime." *Id.*[6] Article I of the IAD indicates that its purpose is to "encourage the expeditious and orderly disposition" of "charges outstanding against . . . prisoner[s]." MCL 780.601. Article III(a) of the IAD provides, in pertinent part:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officers' jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint . . . . [*Id.*]

Article V(c) of the IAD states, in relevant part:

> [I]n the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not

---

[6] Article II(a) of the IAD defines "state" to include "the United States of America." MCL 780.601.

7

> brought to trial within the period provided in Article III . . . , the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect. [*Id.*]

In this case, the Wayne County Prosecutor lodged a detainer against defendant, and while defendant was serving a term of imprisonment at a federal institution, defendant made a written request with the prosecutor for a final disposition of the pending Michigan charges. Thereafter, the prosecutor failed to bring defendant to trial within 180 days as is required by Article III(a) of the IAD. Article V(c) of the IAD, MCL 780.601, states that if a trial is not brought within the period provided in Article III(a), "the . . . court . . . *shall* enter an order dismissing the [complaint] with prejudice . . . ." (Emphasis added.) Therefore, the trial court in this case properly dismissed the charges with prejudice.

In its first opinion, the Court of Appeals reversed the trial court on the basis that the IAD was not applicable because defendant was not serving a term of imprisonment when the prosecutor lodged the detainer against him. However, the IAD does not require that the detainer be lodged while the defendant is serving a term of imprisonment. Instead, Article III(a) requires that "during the continuance of the term of imprisonment," a charge must be "pending . . . on the basis of which a detainer *has been* lodged." (Emphasis added.) The Legislature's use of the passive voice makes *when* the detainer was lodged irrelevant as long as it was lodged before the defendant requested a final disposition. Furthermore, "a detainer *remains* lodged against a prisoner without any action being taken on it."

8

SWAFFORD 0028

*People v McLemore,* 411 Mich 691, 692 n 2; 311 NW2d 720 (1981) (citation and quotation marks omitted; emphasis added). See also *United States v Mauro,* 436 US 340, 360; 98 S Ct 1834; 56 L Ed 2d 329 (1978). Therefore, the IAD applies as long as a "detainer has been lodged against the [defendant]," and the defendant, while serving a term of imprisonment in one party state, has charges pending against him in another party state, and causes a written request for a final disposition to be delivered to the prosecutor and the court. Upon receiving that request, the prosecutor must bring the defendant to trial within 180 days. That is, although the defendant must be serving a term of imprisonment when the out-of-state charges are pending and when he files a request for a final disposition, the defendant does not have to be serving a term of imprisonment when the detainer is first lodged. Because a detainer had been lodged against defendant, and because he was serving a term of imprisonment when he requested a final disposition on the pending out-of-state charges, the prosecutor was required to bring defendant to trial within 180 days of receiving defendant's request for trial.

As discussed earlier, this Court vacated that Court of Appeals judgment and remanded the case to the Court of Appeals for consideration of defendant's documentation. On remand, the Court of Appeals again reversed the trial court's dismissal of the charges. However, this time it did so on a different rationale. The Court of Appeals correctly recognized that the two cases that it had previously relied upon-- *People v Monasterski,* 105 Mich App 645; 307 NW2d 394 (1981), and *People v Wilden (On Rehearing),* 197 Mich App 533; 496 NW2d 801 (1992)--

9

SWAFFORD 0029

are readily distinguishable from the instant case.[7]  It further recognized that if the prosecutor in this case had sent the detainer to the Bureau of Prisons, "the fact that the prosecutor lodged the detainer before defendant was imprisoned would be irrelevant" and "we would be compelled to find that the provisions of the IAD

---

[7] In *Monasterski,* the defendants argued that the IAD had been violated because their trial was not commenced within 120 days of their arrival in Michigan, as required by Article IV(c) of the IAD.  However, the Court of Appeals held that because the defendants never began serving terms of imprisonment in Indiana (they were simply held in a county jail in Indiana pending extradition), the IAD was not even applicable.  *Monasterski,* 105 Mich App at 653.  In *Wilden,* the defendant argued that his return to a federal correctional facility on September 21, 1990, before trial, violated the IAD because Article IV(e) of the IAD provides that

> [i]f trial is not had on any . . . complaint . . . prior to the prisoner's being returned to the original place of imprisonment . . . such . . . complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.  [MCL 780.601.]

However, the Court of Appeals held that because the defendant had not "entered upon a term of imprisonment" as of September 21, 1990, the IAD was not even applicable.  *Wilden,* 197 Mich App at 539.  Moreover, the Court of Appeals in *Wilden* recognized that the prosecutor had lodged detainers against the defendant. *Id.* at 538.  This recognition undercuts the prosecutor's argument in the instant case that communications sent before a prisoner begins a term of imprisonment are not detainers.

Unlike *Monasterski* and *Wilden*, the instant case involves Article III(a) of the IAD, which provides that when a defendant is serving a term of imprisonment in one state and another state has lodged a detainer against the defendant, the latter state has 180 days to bring the defendant to trial after it receives the defendant's written request for a final disposition of the outstanding charges.  And, unlike the defendants in *Monasterski* and *Wilden*, the defendant in the instant case had begun to serve a term of imprisonment in the federal prison on the critical date, i.e., when defendant requested a final disposition of the outstanding charges.

10

SWAFFORD 0030

were violated and that the convictions against defendant must be vacated." *Swafford II, supra* at 5.

However, the Court of Appeals concluded that because the prosecutor never sent a detainer *directly* to the Bureau of Prisons, where defendant was serving his sentence, no valid detainer under the IAD was ever filed. It explained that, although the IAD does not define the term "detainer," several cases have defined the term "detainer" as a "'notification filed with the institution in which a prisoner is serving a sentence . . . .'" *McLemore,* 411 Mich at 692 n 2, quoting *Mauro,* 436 US at 359 (quotation marks omitted). The Court of Appeals held that because the prosecutor sent the detainer to the U.S. Marshals rather than the Bureau of Prisons, the detainer was not valid, and, thus, the IAD did not apply.

The dissenting judge, on the other hand, recognized that,

> [a]lthough the June 1, 2004, correspondence was filed with the U.S. Marshal before defendant was imprisoned, it is without dispute that the correspondence followed defendant to federal prison, where a federal prison official verified "the request to lodge a detainer," the prosecutor's office caused the clerk of the court to certify the warrant and complaint, and the federal prison official subsequently sent the prosecutor a letter stating that "[a] detainer has been filed against this subject in your favor." [*Swafford II, supra* at 1 (Zahra, J., dissenting) (citation omitted).]

The dissenting judge emphasized that the "federal institution in which defendant was imprisoned regarded the detainer as lodged once it was verified, as evidenced by the sending of the detainer letter" and "the prosecutor's conduct supports the conclusion that [she] also viewed the detainer as being properly lodged," because "the prosecutor ultimately filed all the documents that would be consistent with

11

the understanding that an IAD detainer had been lodged with the federal prison." *Id.* at 1-2. Accordingly, the dissent concluded that the detainer had been properly lodged with the Bureau of Prisons and that the IAD was violated when defendant was not brought to trial within 180 days.

We agree with the dissenting judge. Contrary to the conclusion of the Court of Appeals majority, there is no requirement in the IAD that the prosecutor initially file the detainer with the institution in which the prisoner is serving his sentence. Article III(a) simply states that it is applicable where "a detainer has been lodged against the prisoner." MCL 780.601. There is no language in the IAD that requires the prosecutor to initially lodge the detainer with any specific institution. Although caselaw generally describes a detainer as a "'notification filed with the institution in which a prisoner is serving a sentence,'" *McLemore,* 411 Mich at 692 n 2, quoting *Mauro,* 436 US at 359, these descriptions are merely meant to provide guidance on the meaning of "detainer" in the absence of a statutory definition. These cases do not support the proposition that a detainer that the prosecutor initially filed with another institution, i.e., the U.S. Marshals, but which nevertheless reaches the institution in which the prisoner is serving his sentence, is not a valid detainer for purposes of the IAD.[8] Further, as discussed

---

[8] The question at issue in both *McLemore* and *Mauro* was whether a writ of habeas corpus constitutes a detainer for purposes of the IAD. Further, *McLemore,* on which the prosecutor relies because it states that a detainer is a "'notification filed with the institution in which a prisoner is serving sentence,'" *McLemore,* 411 Mich at 692 n 2, quoting *Mauro,* 436 US at 359, also states that "the provisions of

12

earlier, nothing in the actual language of the IAD requires the prosecutor to initially file the detainer with the institution in which the defendant is serving his sentence. Instead, Article III(a) simply requires the prosecutor to bring the defendant to trial within 180 days when "a detainer has been lodged against the prisoner" and, while serving a term of imprisonment, the defendant causes to be delivered to the prosecutor and the court a written request for a final disposition. In this case, (1) "a detainer [had] been lodged against [defendant]," and (2) while he was serving a term of imprisonment, defendant caused to be delivered to the prosecutor and the court a written request for a final disposition. Therefore, the IAD was breached when defendant was not brought to trial within 180 days.[9]

Finally, the facts of this case make it clear that both parties invoked the IAD for purposes of bringing defendant to trial. The institution in which defendant was serving his sentence received the prosecutor's detainer, the

---

the [IAD] apply if a participating jurisdiction which has untried charges against a prisoner lodges a detainer *with the jurisdiction where the prisoner is incarcerated . . . .*" *Id.* at 694, citing *Mauro* (emphasis added). In the instant case, there is no question that the prosecutor lodged a detainer with the jurisdiction in which defendant was incarcerated when it lodged the detainer with the U.S. Marshals and where defendant was incarcerated in a federal prison.

[9] The Court of Appeals noted that "the parties provide only scant information indicating *how* the Bureau of Prisons received notification that defendant had outstanding criminal charges in Michigan." *Swafford II, supra* at 8 (emphasis added). However, *how* the Bureau received notice is not particularly relevant. All that is relevant for purposes of the IAD is that the Bureau received notice and passed it on to defendant, who, while serving a term of imprisonment, then filed a written request for a final disposition with the prosecutor and the court.

13

institution confirmed the detainer with the prosecutor, the prosecutor expressly agreed to bring defendant to trial within 180 days of receiving defendant's request for trial as is required by Article III(a), and the prosecutor obtained custody of defendant through the IAD. In a correspondence with defendant, a federal prison official stated, "I verified the request to lodge a detainer . . . ." Stamped on the letter that accompanied the June 1, 2004, detainer is a notation dated March 2, 2005, indicating that a federal prison official verified the detainer against defendant with the extradition unit of the Wayne County Prosecutor. The Bureau of Prisons further provided the prosecutor and the court clerk with notice of defendant's request for a final disposition of the Michigan charges that stated:

> The above named defendant is requesting disposition on the outstanding charges you have filed against him as a detainer. . . . An inmate requesting disposition of detainers in accordance with Article III of the Interstate Agreement on Detainers Act must be brought to trial within 180 days of your receipt of this request.

It is undisputed that the prosecutor received this notice on March 7, 2005. The Bureau of Prisons also submitted a document to the prosecutor that provides, "A detainer has been filed against this subject in your favor for: 1st Degree Murder, we will again notify you approximately 60 days prior to actual release." Subsequently, the Bureau of Prisons sent a letter to the prosecutor that stated:

> The above named inmate has requested disposition on outstanding charges which were filed against him as a detainer. . . . As you know, once an inmate requests disposition under the IAD they must be brought to trial within 180 days of your receipt of the request. Ninety of the allotted 180 days elapsed effective June 25, 2005.

14

SWAFFORD 0034

In response, the prosecutor signed an "Agreement on Detainers" that states, "I propose to bring this person to trial on the indictment, information or complaint named in the offer within the time specified in Article III(a) of the Agreement on Detainers." This agreement also states that "[t]his form should only be used when an offer of temporary custody has been received as the result of a prisoner's request for disposition of a detainer" and that "[this form is] in response to [the Bureau of Prisons'] letter of March 2, 2005." When the prosecutor failed to bring defendant to trial within 180 days, the Bureau of Prisons sent the prosecutor a letter stating:

> The above named inmate requested disposition of the outstanding charges that you have filed against him as a detainer on 03-02-2005. Under Article III of the Interstate Agreement on Detainers, an inmate must be brought to trial within 180 days after he requests disposition and the forms are received by the appropriate officials. Our records indicate the forms required under the provisions of the IAD were received and signed for by your office on 03-07-2005. . . . Since 180 days have elapsed since you received this request for disposition, we have advised, by copy of this letter to the inmate, that he may petition the appropriate court for dismissal of the outstanding charges.

Finally, the Bureau of Prisons' "Release Authorization" indicates a "Release Date" of "10-05-05"; under the word "Method" appear the initials "IAD"; and after "Detainer," the "Yes" box is checked.

In this case, it is utterly clear that the prosecutor lodged a detainer against defendant, that both the Bureau of Prisons and defendant were aware of this detainer, that the prosecutor was aware that the Bureau of Prisons was in possession of the detainer, and that defendant caused a written request for a final

15

disposition to be delivered to the prosecutor and the court while defendant was serving a term of imprisonment. Therefore, the IAD is clearly applicable, and Article III(a) was indisputably violated when defendant was not brought to trial within the proper time frame. Because Article V(c) expressly states that if the defendant is not "brought to trial within the period provided in Article III . . . , the appropriate court . . . shall enter an order dismissing the [charges] with prejudice," the trial court here properly dismissed the charges against defendant. "Any other reading of [the IAD] would allow the Government to gain the advantages of lodging a detainer against a prisoner without assuming the responsibilities that the [IAD] intended to arise from such an action." *Mauro,* 436 US at 364. The prosecutor here failed to satisfy these responsibilities.

## IV. CONCLUSION

The clear language of the IAD, MCL 780.601, states that if the prosecutor fails to bring a defendant to trial within 180 days of receiving the defendant's request for a final disposition made while the defendant is serving a term of imprisonment if a "detainer has been lodged against the prisoner," the court "shall enter an order dismissing the [complaint] with prejudice." Because that is precisely what happened in this case, we reverse the Court of Appeals and reinstate the trial court's order dismissing the charges with prejudice.[10] However

---

[10] Because we are reinstating the trial court's order dismissing the charges against defendant, defendant's convictions and sentences arising from these

harsh and inflexible a remedy for failure to comply with the IAD this may be adjudged, it is plainly what our Legislature requires.

Stephen J. Markman  
Marilyn Kelly  
Michael F. Cavanagh  
Elizabeth A. Weaver  
Maura D. Corrigan  
Robert P. Young, Jr.  
Diane M. Hathaway

---

charges must be set aside. Defendant's motion to remand for an evidentiary hearing is denied because it is now moot.

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v

KOBEAY QURAN SWAFFORD,

    Defendant-Appellee.

UNPUBLISHED
March 18, 2008

No. 268499
Wayne Circuit Court
LC No. 05-010897-01

ON REMAND

Before: Judges Zahra, P.J., and Bandstra and Owens, JJ.

ZAHRA, J. (*dissenting*).

    I respectfully dissent from the majority's conclusion that the correspondence sent by the prosecutor's office to the United States Marshal on June 1, 2004, is not a valid detainer for purposes of the IAD. I conclude this correspondence became a valid detainer for purposes of the IAD no later than March 2, 2005, when it accompanied defendant to federal prison, was verified, and the prosecutor was notified that defendant was requesting disposition on the outstanding charges filed against him. Because I conclude the detainer is valid, I must, as noted in the majority opinion at page 8, "find that the provisions of the IAD were violated and that the convictions against defendant must be vacated." I would affirm the lower court's dismissal of the charges against defendant and remand this matter to the trial court with instructions that defendant's convictions be vacated.

    The majority concludes the June 1, 2004 correspondence is not a valid detainer under the IAD because the prosecutor did not file it with the institution in which defendant was serving his federal sentence and there is "scant information indicating how the Bureau of Prisons received notification that defendant had outstanding criminal charges in Michigan." Majority opinion, p. 12. Although the June 1, 2004, correspondence was filed with the U.S. Marshal before defendant was imprisoned, it is without dispute that the correspondence followed defendant to federal prison, where a federal prison official verified "the request to lodge a detainer," the prosecutor's office caused the clerk of the court to certify the warrant and complaint, and the federal prison official subsequently sent the prosecutor a letter stating that "[a] detainer has been filed against this subject in your favor." Defendant's Application for Leave to Appeal to the Supreme Court, Exhibit 1.

    The federal institution in which defendant was imprisoned regarded the detainer as lodged once it was verified, as evidenced by the sending of the detainer letter. Moreover, the prosecutor's conduct supports the conclusion that it also viewed the detainer as being properly

SWAFFORD 0038

-2-

lodged, since it did nothing incongruous with the notice that a detainer had been filed in its favor. To the contrary, the prosecutor ultimately filed all the documents that would be consistent with the understanding that an IAD detainer had been lodged with the federal prison.

Having concluded the detainer against defendant was properly lodged with the Bureau of Prisons, defendant was entitled pursuant to art III(a) of the IAD, MCL 780.601, to be brought to trial within 180 days of the date he requested disposition of the charges that were the subject of the detainer. Here, the prosecutor failed to comply with requirements of the IAD. For these reasons, I would affirm.

/s/ Brian K. Zahra

SWAFFORD 0039