# EXHIBIT L

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KOBEAY SWAFFORD, | Civil Action No. 1:24-cv-10509-PBS |
| Plaintiff, |  |
| v. | **DECLARATION OF MICHAELA NOVIELLO** |
| RENTGROW, INC., |  |
| Defendant. |  |

I, Michaela Noviello, hereby declare as follows:

1.      I am a Vendor Operations Specialist at RentGrow, Inc. ("RentGrow").

2.      Prior to my current role, I was a Public Records Analyst at RentGrow. By virtue of that position, I am familiar with RentGrow's practices, policies, and procedures.

3.      This declaration is based on my personal knowledge and review of records created and maintained in the ordinary course of RentGrow's business. If called to testify as to the truth of any matters set forth herein, I could and would competently do so.

4.      On August 21, 2023, RentGrow's customer, the Evansville Housing Authority ("Evansville"), requested tenant screening information, including a Premium National Criminal Records search, from RentGrow regarding Plaintiff, Kobeay Swafford.

5.      In response to Evansville's screening request, RentGrow obtained Plaintiff's criminal record information from Cleara, which identified Plaintiff's 2007 jury convictions across nine separate charges that Cleara identified had been sourced from the Michigan Department of Corrections, as well as additional records of Plaintiff's 2007 conviction that Cleara identified as being sourced from the Wayne County Circuit Court. The records reported by Cleara in no way indicated that the convictions had been dismissed on appeal.

6.      Because Cleara had identified records from the Michigan Department of Corrections that identified Plaintiff was subject to "DOC Supervision" in connection with his 2007 convictions, RentGrow's policies required that its own analysts independently research and review the records of the Michigan Department of Corrections and the identified Michigan state trial court to confirm that the disposition of the offenses identified by Cleara remained accurate as of the date of receipt.

7.      As the assigned research analyst, I would have manually conducted that research by reviewing the publicly-accessible databases of both the Michigan Department of Corrections and the Wayne County Circuit Court through their online websites.   It was only because I confirmed the reported dispositions of the records that had been identified by Cleara through that further research that those records were then identified by RentGrow to Evansville.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ____9/22/2025_____

Signed by:

*Michaela Noviello*

154A05A6B0E34AC...

Michaela Noviello