Troutman Pepper Locke LLP
Troutman Pepper Locke Building, 1001 Haxall Point, 15th Floor
Richmond, VA 23219

troutman.com

Timothy J. St. George
timothy.st.george@troutman.com

January 16, 2026

**VIA ECF FILING**
Hon. Patti B. Saris, U.S.D.J.
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02110

**Re: Kobeay Swafford v. RentGrow, Inc. – Supplemental Letter Filing**
**Case No. 1:24cv10509 – District of Massachusetts**

Dear Judge Saris:

In response to the Court's oral request at the January 9, 2026 hearing on RentGrow, Inc.'s pending Motion for Summary Judgment (ECF No. 75), RentGrow submits the following authority where courts have granted summary judgment on claims asserted under 15 U.S.C. § 1681i and 15 U.S.C. § 1681e(b), including in highly-analogous circumstances. The additional citations relevant to the Court's request for supplementation are provided below, along with other illustrative authority previously identified by RentGrow in its briefing.

## I. Summary Judgment Under 15 U.S.C. § 1681i

15 U.S.C. § 1681i concerns the "reasonableness" of RentGrow's reinvestigation of Plaintiff's sole dispute, which Plaintiff submitted to RentGrow shortly after RentGrow transmitted tenant screening information to the Evansville Housing Authority in 2023.[1] The undisputed material facts and relevant authority provide at least three independent bases for granting RentGrow's Motion for Summary Judgment as to Plaintiff's § 1681i claim.

First, while Plaintiff's charges were initially dismissed by the Wayne County Circuit Court in January 2006, those charges were subsequently reinstated by the Michigan Court of Appeals in March 2007, with Plaintiff then tried and convicted by a jury in September 2007. (The Michigan Supreme Court ultimately reversed those convictions in 2009.) In connection with his 2023 dispute, Plaintiff stated nothing about his post-trial appeal or the Michigan Supreme Court's 2009 reversal, instead referencing only his enclosed "certified legal documents of the dismissal." The provided certified documents, however, reflected only the trial court's January 2006 dismissal of charges, which were later reinstated, leading to his trial and conviction.

[1] Plaintiff did not lodge any dispute in connection with his 2024 Mallard's Landing application and has not asserted a § 1681i claim in connection with that 2024 application.

troutman pepper locke

Courts routinely grant summary judgment under § 1681i when the documentation submitted by the consumer does not support the claimed dispute and/or when the consumer failed to identify the relevant events supporting his dispute. There is no dispute of material fact on this point (*see* ECF No. 76, p. 7), and the following authority supports granting RentGrow's Motion for Summary Judgment:

- *Shepherd v. Liberty Acquisitions, LLC*, No. 11-CV-00718, 2012 WL 2673101, at *4, 6 (D. Colo. July 5, 2012) (granting summary judgment of § 1681i claim because plaintiff's dispute supporting document inaccurately described legal proceedings).

- *Stewart v. Equifax Info. Services, LLC*, 320 F. Supp. 3d 1186, 1205 (D. Kan. 2018) (granting summary judgment on § 1681i claim because plaintiff provided only "scant and incomplete information" in connection with her dispute).

- *McClelland v. Experian Information Solutions, Inc.*, No. 04cv5686, 2006 WL 2191973, at *4, 6 (N.D. Ill. July 28, 2006) (granting summary judgment on § 1681i claim where plaintiff failed to provide with his dispute information that would have "clear[ed] up" the confusion, which plaintiff "should have—and could have" provided).

Second, RentGrow diligently investigated Plaintiff's 2003 dispute in tandem with Cleara. Both RentGrow and Cleara independently called the Wayne County Clerk of Court, who twice confirmed the convictions. Cleara also ran an official background check on Plaintiff through the Michigan State Police's designated process, which also confirmed the 2007 convictions.

Courts routinely grant summary judgment under § 1681i when reliable sources are consulted during the dispute process, including consultation with the entity that initially provided the disputed information. There is no dispute of material fact on this point (*see* ECF No. 76, pp. 7-8), and the following authority supports granting RentGrow's motion for summary judgement:

- *Lloyd v. FedLoan Serv.*, 105 F.4th 1020, 1025 (8th Cir. 2024) (affirming summary judgment when the defendant's steps taken in reinvestigation were reasonable based on reliance on the investigation undertaken by its vendor of the disputed information).

- *Ghazaryan v. Equifax Info. Servs., LLC*, 740 Fed. App'x 157, 158 (9th Cir. 2018) (affirming reinvestigation was reasonable as a matter of law where it notified the source of the information of the dispute and was "entitled to rely on [the source's] confirmation" of the reported information).

- *Cornock v. Trans Union LLC*, 638 F. Supp. 2d 158, 164 (D.N.H. 2009) (defendant's reinvestigation was reasonable where publicly-filed court documents supported original reporting, noting that "reliance on official court records is unlikely to lead to inaccurate credit reporting except in isolated instances").

troutman pepper locke

- *McClelland v. Experian Information Solutions, Inc.*, No. 04 C 5686, 2006 WL 2191973, at *4 (N.D. Ill. July 28, 2006) (concluding reinvestigation procedures were "reasonable as a matter of law" where the defendant verified information with original source "and had no reason to doubt the completeness and accuracy of the results of" the original source's investigation).

- *Quinn v. Experian Solutions,* No. 02 C 5908, 2004 WL 609357, at *5 (N.D. Ill. March 24, 2004) (holding that the defendant's reinvestigation was reasonable where it relied on verification by original source, and where "there is no evidence that Equifax knew or should have known that [the source] was an unreliable source of information").

Third, while his dispute was pending, Plaintiff's voucher application with the Evansville Housing Authority was accepted, and he then used that voucher to apply for housing with one apartment complex, where he was later denied for reasons not involving RentGrow.

Courts routinely grant summary judgment under § 1681i when a plaintiff has not established any damages caused by the challenged dispute process. There is no dispute of material fact that Plaintiff did not establish damages relating to his 2023 dispute (*see* ECF No. 76, pp. 6-7), and the following authority supports granting RentGrow's Motion for Summary Judgment:

- *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 971 (7th Cir. 2004) (affirming district court's decision granting summary judgment under § 1681e(b) and § 1681i based on its conclusion that there were "no damages" proven in the form of a credit denial).

- *Casella v. Equifax Credit Info. Servs*., 56 F.3d 469, 474 (2d Cir. 1995) (affirming decision to grant summary judgment under § 1681i based on "lack of causation between the harm alleged by [plaintiff] and appellees' alleged violations of the FCRA").

- *Banno v. Experian Info. Sols., Inc*., No. 15-cv-8291, 2017 U.S. Dist. LEXIS 113045, at *11-12, 22 (N.D. Ill. July 20, 2017) ( "because [plaintiff] has failed to point to evidence of actual damages – financial, emotional, or otherwise[,]" he "failed to present evidence" sufficient to survive summary judgment).

- *Barrepski v. Capital One Bank (U.S.A.) N.A.*, No. 3:11-cv-30160, 2014 U.S. Dist. LEXIS 29665, at *27 (D. Mass. Mar. 7, 2014) (granting summary judgment on § 1681i claim where plaintiff failed to introduce evidence "establishing causation").

## II. Summary Judgment Under 15 U.S.C. § 1681e(b)

15 U.S.C. § 1681e(b) addresses the "reasonableness" of RentGrow's reporting procedures. The undisputed material facts and relevant authority provide three independent bases for granting RentGrow's Motion for Summary Judgement as to Plaintiff's § 1681e(b) claim.

troutman pepper locke

First, in connection with the 2023 and 2024 reports, the status of Plaintiff's criminal records was confirmed with the Wayne County Circuit Court, the Michigan Department of Corrections, the individual Wayne County Court Clerk, *and* the Michigan State Police.

Courts routinely grant summary judgment as to claims under § 1681e(b) when the record at issue was obtained from a government source, including where there is no evidence that the government source is unreliable. There is no dispute of material fact on this point (*see* ECF No. 76, pp. 4-8), and the following authority supports granting RentGrow's Motion for Summary Judgment:

- *Hammoud v. Equifax Info. Servs., LLC*, 52 F.4th 669, 675 (6th Cir. 2022) (granting summary judgment where Experian relied on LexisNexis to source court records).

- *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1240 (10th Cir. 2015) (finding the defendant did not act unreasonably by relying on "[t]he information LexisNexis collected from the Pitkin County Recorder's website").

- *Henson v. CSC Credit Servs.*, 29 F.3d 280, 285 (7th Cir. 1994) (granting summary judgment where the defendant accurately reported the information reflected on the trial court's docket, "a presumptively reliable source").

- *Waters v. HireRight, LLC*, No. 4:23-cv-06668, Dkt. No. 76 at 15 n.6 (D.S.C. Sept. 16, 2025) (granting summary judgment where defendant checked the Marion County Court Clerk's website for records, despite Plaintiff's contention that HireRight should have further checked the South Carolina Department of Probation, Parole, and Pardon Services ("SCDPPPS"): "Plaintiff has not shown that HireRight's failure to consult the SCDPPPS website rendered its procedures unreasonable—much less that HireRight acted with reckless disregard of his rights").

- *McCann v. CareerBuilding Emp. Screening, LLC*, No. 2:18-cv-04105, 2018 U.S. Dist. LEXIS 140326, at *12-13 (W.D. Mo. Aug. 20, 2018) (granting summary judgment on § 1681e(b) claim because the defendant's report matched the Kansas online county court docket, where there was "no question that it is unreasonable to ask [a] [d]efendant to dispatch agents to county courthouses and other record depositories every time a pending charge is discovered in order to make individualized inquiries concerning every person charged with a crime," and the plaintiff failed to identify that the defendant "was on notice of its alleged mistake or was aware of prevalent unreliability in its information source");

- *Lucion G. Banks v. HireRight, Inc.*, No. BC 492317, 2014 Cal. Super. LEXIS 251, at *13-14 (Cal. Ct. App. 2014) (granting summary judgment where HireRight maintained reasonable procedures for reporting public record information by sourcing that

troutman pepper locke

information "from reliable sources – in this case, from the public records maintained and published directly by the Alameda County Superior Court").

- *Haro v. Shilo Inn, Bend LLC*, No. 08-6306, 2009 U.S. Dist. LEXIS 65562, at *6-8 (D. Or. July 24, 2009) (granting summary judgment where defendant obtained electronic criminal records from the "Oregon Judicial Information Network website" and accurately reported the content of those records).

Second, Plaintiff's voucher application was accepted by the Evansville Housing Authority in 2023, but he was thereafter denied housing by an apartment complex for reasons not involving RentGrow or his criminal history. The record also established that Plaintiff's application for housing with Mallard's Landing in 2024 was flagged for review due to his negative criminal history *and* his negative credit profile. Plaintiff also took no discovery of Mallard's Landing to develop admissible evidence of the reason(s) for his denial, including whether he could have moved into the complex absent his criminal history or even whether a unit was available to rent.

Courts routinely grant summary judgment under § 1681e(b) when a Plaintiff fails to develop admissible evidence of a claimed denial of a credit/housing opportunity due to the alleged inaccurate reporting. There is no dispute of material fact on this point (*see* ECF No. 76, pp. 6-9), and the following authority supports granting RentGrow's Motion for Summary Judgment:

- *Aldaco v. RentGrow, Inc.*, 921 F.3d 685, 689-90 (7th Cir. 2019) (affirming summary judgment where plaintiff could not prove he would have been admitted to the property, even setting aside the claimed inaccuracy in his screening report).

- *Peterson v. Equifax Info. Servs.*, 44 F.4th 1124, 1127-28 (8th Cir. 2022) (affirming district court's decision granting summary judgment to CRA because plaintiff failed to successfully prove "financial harm").

- *Waters v. HireRight, LLC*, No. 4:23-cv-06668, ECF No. 76, at 7-8 (D.S.C. Sep. 16, 2025) (under § 1681e(b), it was "not enough" that the evidence was "at most sufficient to establish the *possibility* that [p]laintiff was denied employment due to [defendant]'s failure to report his pardon") (emphasis added).

- *Beers v. Experian Info. Sols., Inc.*, No. 20-cv-1797, 2022 U.S. Dist. LEXIS 54514, at *9-10 (D. Minn. Mar. 25, 2022) (granting summary judgment on § 1681e(b) claim, including because of a lack of admissible "evidence in the record" showing that the defendant's reporting "resulted in any adverse action taken against [plaintiff]").

- *McIntyre v. RentGrow, Inc.*, Civil Action No. 18-cv-12141-ADB, 2021 U.S. Dist. LEXIS 157939, at *28 (D. Mass. July 16, 2021) (granting summary judgment: "Here, since the apartment was denied for reasons other than the inaccuracies in the July 2017 Report, Plaintiff has not suffered any damages as a result of the inaccuracies.")

troutman pepper locke

- *Quinn v. Experian Solutions*, No. 02-cv-5908, 2004 U.S. Dist. LEXIS 4812, at *14 (N.D. Ill. Mar. 22, 2004) (granting summary judgment on § 1681e(b) claim, holding that "even if damages are shown, the claimant must still raise a genuine issue of material fact as to the causation element," and that plaintiff failed to "produce evidence that the inaccurate information contained in his credit report was a significant factor in his alleged damages").

Third, even though the Michigan judicial system's records are fully integrated across all court levels, Plaintiff argues that—rather than relying on records available from lower courts and other state agencies—RentGrow should have also researched the Michigan Supreme Court's website. That is not legally required, and Plaintiff developed no evidence that implementing that procedure was feasible, necessary, warranted, or appropriate.

Courts routinely grant summary judgment when a Plaintiff has not proven the necessity or feasibility of a proposed alternative procedure. There is no dispute of material fact on this point (*see* ECF No. 76, pp. 9-10), and the following authority supports granting RentGrow's Motion for Summary Judgment:

- *Childress v. Experian Info. Sol., Inc.*, 790 F.3d 745, 747 (7th Cir. 2015) (affirming summary judgment: "[I]t was *the plaintiff's burden* to establish the reasonableness of her proposed procedure," which did not occur) (emphasis added).

- *Wenning v. On-Site Manager, Inc.*, No. 14cv9693, 2016 U.S. Dist. LEXIS 81126, at *61 (S.D.N.Y. June 22, 2016) (granting summary judgment on § 1681e(b) claim that defendant should have taken additional steps to verify its court record reporting, noting "the need, under the FCRA, to balance the expense and efficacy of obtaining additional information," and that "Plaintiffs' failure to adduce such evidence, or indeed to engage in any evidence-based evaluation of the practicality and cost of requiring such [record] supplementation, prevents them from reaching a jury on the question of reasonableness.")

****

RentGrow hopes the Court finds this supplemental submission helpful, and it continues to request summary judgment for all the reasons identified in its pending Motion.

Sincerely,

/s/ Timothy St. George
Timothy J. St. George
*Counsel for RentGrow, Inc.*